■ ETHEL BLOOM, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a negligence action to recover damages for personal injuries,

medical expense and loss of earnings, allegedly sustained when plaintiff's leg became wedged into the space between the side of a subway train and the edge of the platform, defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County, dated November 16, 1972, in favor of plaintiff on the issue of liability and directing a jury trial of the issue of damages. Order and judgment reversed on the law, and a new trial granted, with costs to abide the event. The appeal did not present questions of fact. The plaintiff testified that, at about 8:15 A.M., on June 17, 1969, she attempted to board a Manhattan-bound subway train at the defendant's Main Street terminal station in Flushing. Plaintiff was surrounded by a crowd which surged forward, pushed her along and swept her off her feet so that she lost control of her movements and sustained the injuries complained of. It was testified that there were no guardrails along the edge of the platform, and the court charged the jury that in determining defendant's negligence they could give consideration to the "presence or lack of presence and necessity for" (a) guardrails and (b) guards. However, it clearly appears that guardrails along the edge of the station platform would not have prevented the accident in suit, since there would have had to be openings through which passengers could enter (see *McKinney* v. *New York Cons. R. R. Co.*, 230 N. Y. 194, 198). It was, therefore, error, as a matter of law, to charge the jury that it could consider the absence of guardrails in determining defendant's negligence (see *Telsner* v. *New York City Tr. Auth.*, 15 A D 2d 455, 456). Since there was a general verdict in favor of plaintiff on the issue of liability, we are unable to say that the jury did not decide the case based on the erroneous theory of liability submitted to it, and a new trial is, therefore, required (see *Filanowicz* v. *Guarino*, 27 A D 2d 666). Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.